**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| King Allah, | No. CV-18-01457-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| T. Mercy, et al., | |
| Defendants. | |

Pending before the Court are (1) the "Special Appearance and Motion to Dismiss Due to Summons Abatement" filed by defendants T. Mercy and M. Moncada[1] (Doc. 21) and (2) the "Cross-Motion for Extension of Time to Serve Defendants Mercy and Moncada" filed by plaintiff King Allah ("Allah") (Doc. 26). As explained below, the Court will deny the motion to dismiss and grant the cross-motion for extension of time.

## BACKGROUND

On May 13, 2018, Allah filed his complaint. (Doc. 1.) The complaint names three individuals (Mercy, Moncada, and Will) as defendants and was filed exactly two years after the date of the alleged incident giving rise to Allah's claims.

On May 15, 2018, the Court issued a standard order directing the clerk of court to dismiss the complaint if it wasn't served within 90 days, as required by Rule 4(m) of the

---

[1] Although the complaint refers to a defendant named "Mondaca," subsequent filings by both parties spell this defendant's last name as "Moncada." (*See, e.g,* Docs. 15, 21.) For consistency, the Court will refer to this defendant as Moncada.

Federal Rules of Civil Procedure. (Doc. 6.)

On August 13, 2018—the very last day of the permissible service period—Allah filed a motion for more time to complete service. (Doc. 12.) The next day, and while the motion was pending, Allah served two of the defendants, Mercy and Moncada. (Docs. 15, 16.) Soon afterward, the Court issued an order denying the motion for more time to complete service, finding that Allah had "sat on his hands and [done] absolutely nothing to effectuate service," had improperly sought to "deflect[] all fault for his failure to serve Defendants," and had thus failed to demonstrate good cause for the requested extension. (Doc. 13.) Nevertheless, the Court afforded Allah another opportunity to file an extension motion and encouraged Allah to use that opportunity to provide a better "justification [for] why this Court should . . . not dismiss this matter for Plaintiff's failure to serve." *Id.*

In response, Allah filed an amended motion. (Doc. 14.) Unfortunately, the amended motion only sought an extension as to one of the defendants, Will. The first paragraph of the motion stated that an extension wasn't being sought as to the other two defendants, Mercy and Moncada, because they purportedly had been "timely served yesterday, August 1[4], 2018." *Id.* The Court granted the motion (*see* Doc. 19), and defendant Will was thereafter timely served (*see* Doc. 20).

**ANALYSIS**

Defendants Mercy and Moncada have now moved to dismiss "due to insufficient service of process," arguing that "they were served on August 14, 2018—one day late and on the day the Court had directed the Clerk to terminate all non-served Defendants" and that Allah "did not move to extend the time to serve [them] and this Court did not otherwise grant any such extension." (Doc. 21 at 2.) In his response/cross-motion, Allah concedes the service effort occurred one day too late but asks the Court to "exercise[] its discretion" to "either deem the complaint served on Defendants on August 14, 2018 as timely served or, alternatively, enter an order setting a brief time within which Plaintiff may re-serve Defendants Mercy and Moncada." (Doc. 26 at 3.) Allah contends the

defendants didn't suffer any prejudice from the one-day delay in service and that granting the dismissal motion would result in an unfair windfall to them because any re-filed complaint could be considered untimely under the statute of limitations.

Although the Court shares the defendants' frustration with Allah's conduct—it borders on reckless to wait until the final day of the limitations period to file the complaint, then wait until the very end of the service period to attempt to serve the complaint—the Ninth Circuit's law construing Rule 4(m) suggests the Court should exercise its discretion to overlook a one-day delay in service when the contrary approach might create a statute-of-limitations bar to the lawsuit. *Mann v. American Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint [after the service period has otherwise expired]. The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the district court decided to dismiss the case instead of grant an extension. To the contrary, the advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension in that very situation: 'Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action.'") (citations omitted).

Accordingly, **IT IS ORDERED** that the motion to dismiss (Doc. 21) is **DENIED** and the cross-motion for extension of time (Doc. 26) is **GRANTED** to the extent it seeks confirmation that Defendants Mercy and Moncada were timely served.

Dated this 6th day of November, 2018.

Dominic W. Lanza
United States District Judge